<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED IMPLANT PRODUCTS LIABILITY LITIGATION | Case No. 2:19-md-2921 (BRM) (LDW)<br>MDL No. 2921<br><br>**OPINION** |

THIS DOCUMENT RELATES TO:

**Villareal v. Allergan, Inc. (Case No. 2:20-cv-14796)**
**Henson v. Allergan, Inc. (Case No. 2:21-cv-11728)**
**Dowland v. Allergan, Inc. (Case No. 2:22-cv-3125)**
**Morales-Hernandez v. Allergan, Inc. (Case No. 2:22-cv-3523)**
**Drake v. Allergan, Inc. (Case No. 2:22-cv-3756)**
**Rabin v. Allergan, Inc. (Case No. 2:22-cv-4222)**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are plaintiffs Vicky Villareal ("Villareal"), Janice Henson ("Henson"), Andrea Dowland ("Dowland"), Daisy Morales-Hernandez ("Morales-Hernandez"), Shelbeigh Drake ("Drake"), and Tami Rabin ("Rabin") (collectively, "Bellwether Plaintiffs") and Defendants Allergan USA Inc. and Allergan, Inc.'s (collectively, "Defendants") joint submission setting forth their competing proposals regarding which of the six bellwether cases—Villareal, Henson, Dowland, Morales-Hernandez, Drake, or Rabin's cases—should be selected for the first bellwether trial pursuant to Case Management Order ("CMO") No. 37. (Letter from Christine Woodin & Donald Ecklund to the Court, dated June 23, 2026 ("Joint Submission").)[1] In support of their competing proposals, and at the request of the Court, the parties also submitted statements

---

[1] On June 23, 2026, the parties submitted the Joint Submission to the Court via e-mail, which has not been filed in or uploaded to the electronic document filing system at this time.

regarding the authority of this Court to try four of the six cases—Dowland, Morales-Hernandez, Drake, and Rabin's cases—in this District (collectively, the "Remand Statements"). (*See* ECF Nos. 628, 629.)[2]

Also before the Court are Dowland (Civ. A. No. 22-3125, ECF No. 11), Morales-Hernandez (Civ. A. No. 22-3523, ECF No. 8), Drake (Civ. A. No. 22-3756, ECF No. 8), and Rabin's (Civ. A. No. 22-4222, ECF No. 5) (collectively, "Moving Plaintiffs") motions for leave to amend Paragraph 6 of their respective short form complaints to designate this District as the presumptive place of transfer for trial following the completion of centralized pretrial proceedings pursuant to Federal Rule of Civil Procedure ("Rule") 15. Defendants filed oppositions (Civ. A. No. 22-3125, ECF No. 15; Civ. A. No. 22-3523, ECF No. 12; Civ. A. No. 22-3756, ECF No. 12; Civ. A. No. 22-4222, ECF No. 9), and Moving Plaintiffs filed replies (Civ. A. No. 22-3125, ECF No. 16; Civ. A. No. 22-3523, ECF No. 13; Civ. A. No. 22-3756, ECF No. 13; Civ. A. No. 22-4222, ECF No. 12).[3]

Having reviewed and considered the submissions filed in connection with the Joint Submission and motions and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, the Court finds Bellwether Plaintiffs and Defendants consented to the jurisdiction of this Court and venue in this District for

---

[2] All ECF numbers cited herein refer to the submissions filed in the multidistrict litigation (MDL No. 2921), unless otherwise stated.

[3] Because the submissions filed in connection with Moving Plaintiffs' motions for leave to amend are substantially identical in each of the captioned actions (*compare* Civ. A. No. 22-3125, ECF Nos. 11, 15, 16, *with* Civ. A. No. 22-3523, ECF Nos. 8, 12, 13, *and* Civ. A. No. 22-3756, ECF Nos. 8, 12, 13, *and* Civ. A. No. 22-4222, ECF Nos. 5, 9, 12), the Court will refer primarily to the submissions filed in connection with Dowland's motion (Civ. A. No. 22-3125, ECF Nos. 11, 15, 16) when addressing the parties' arguments, except where appropriate to refer to the individual cases.

trial and, as such, the Court has the authority to try any and all of Bellwether Plaintiffs' respective cases in this District, Moving Plaintiffs' motions for leave to amend their respective short form complaints are **DENIED**, and the Court selects Henson's case as the first to be tried before this Court on November 2, 2026, and selects Rabin's case as the second to be tried on a date to be scheduled following the conclusion of the first bellwether trial.

## I.   BACKGROUND

The factual and procedural backgrounds of this matter are well known to the parties and were previously recounted by the Court in its Opinion on March 19, 2021. (ECF No. 283.) Accordingly, the Court will address only the procedural history relevant to this opinion.

### A.   Direct Filing Order

On December 18, 2019, twenty-five separate but related actions were transferred and consolidated in this multidistrict litigation ("MDL") for centralized pretrial proceedings under 28 U.S.C. § 1407 ("Section 1407"). (ECF No. 1.)

On March 18, 2020, the parties submitted a proposed direct filing order, which permitted additional related actions to be directly filed in this District as short form complaints and automatically consolidated in this MDL. (*See* ECF No. 82.) The Court entered the proposed order—CMO No. 6—on March 23, 2020. (ECF No. 83; *see also* ECF No. 181 (amending CMO No. 6) (the "Direct Filing Order").) The Direct Filing Order required the short form complaint to designate a venue for transfer under 28 U.S.C. § 1404(a) ("Section 1404"), which would be the presumptive place of transfer following the completion of centralized pretrial proceedings.[4] (ECF

---

[4] Although the Direct Filing Order provides the direct filed cases would be transferred to the preferred forum "pursuant to [Section 1404]," the order repeatedly refers to the preferred forum as "the presumptive place of remand." (*See* ECF No. 181 § II.E.) The terms "transfer" and "remand," however, are not the same, and a transferee court does not have the authority to remand a directly

No. 181 § II.B, E.) The parties did not consent to personal jurisdiction and venue in either this District or the preferred fora (*id.* § II.D) and retained the right to challenge the presumptive place of transfer for "good cause" or agree to another venue, including New Jersey (*see id.* § II.E (authorizing either party to challenge the preferred fora at the completion of centralized pretrial proceedings for "good cause and pursuant to applicable law" and permitting the parties to agree to try a directly filed case in another forum, including the District of New Jersey); *see also id.* § II.H (reserving "all rights to move to dismiss under Rule 12")).

Bellwether Plaintiffs subsequently filed their short form complaints in compliance with the Direct Filing Order (*see*, *e.g.*, Civ. A. No. 22-3125, ECF No. 1), which were automatically consolidated in the MDL. Notably, Moving Plaintiffs' short form complaints designated the following venues for transfer following the completion of centralized pretrial proceedings: the Central District of California (Dowland & Drake) (Civ. A. No. 22-3125, ECF No. 1 ¶ 6; Civ. A. No. 22-3756, ECF No. 1 ¶ 6), the Northern District of New York (Morales-Hernandez) (Civ. A. No. 22-3523, ECF No. 1 ¶ 6), and the District of Arizona (Rabin) (Civ. A. No. 22-4222, ECF No. 1 ¶ 6).

---

filed case to another forum "regardless of jurisdiction, venue, and efficiency considerations." *See In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.* (*In re Philips Litig.*), 781 F. Supp. 3d 353, 379 n.29 (W.D. Pa. 2025) (quoting *Ozuna v. Morales*, Civ. A. No. 23-1747, 2023 WL 5625248, at *2 (D. Colo. Aug. 31, 2023)). "At best, [a transferee] court could transfer such a direct filed case to the other district; provided, that it has authority to do so under [Section] 1404." *Id.* at 378–79; *see also* J.P.M.L. R. 7.2(a). Accordingly, within this context, the preferred forum is better understood as the presumptive place of transfer, rather than the presumptive place of remand.

### B.    Bellwether Cases

As of March 30, 2022, there were approximately 922 related actions consolidated in the MDL. (*See* ECF No. 384 § 1.) As a result, the parties agreed to select cases to be included in a bellwether case pool for initial discovery and trial. (ECF Nos. 384, 386; *see also* ECF No. 401.) On September 29, 2023, the parties submitted a proposed order (ECF No. 447), which required the parties to select sixteen (16) of the bellwether cases for initial fact discovery (ECF No. 447-1 § 3). The Court entered the proposed order—CMO No. 26—on October 2, 2023. (ECF No. 448.)

On June 10, 2025, the parties attended a case management conference ("CMC") (*see* ECF No. 576), wherein the parties discussed a proposed trial schedule for the bellwether cases. According to the Court's notes, Bellwether Plaintiffs proposed a multi-plaintiff trial to be scheduled in the last six months of 2026. In response, the Court instructed Bellwether Plaintiffs to select (8) and Defendants to select four (4) of the sixteen bellwether cases to be prepared for trial before this Court. The Court noted it would determine which cases and how said cases would be tried at a later date and scheduled the bellwether trial for June 15, 2026. Neither Bellwether Plaintiffs nor Defendants objected to the scheduling of trial in this District at the time. On June 24, 2025, the parties submitted a proposed order (ECF No. 577), memorializing the Court's instruction that the parties select twelve bellwether cases to be prepared for trial on June 15, 2026 (ECF No. 577-1 § I). The Court entered the proposed order—CMO No. 34—on June 25, 2025. (ECF No. 578.)

On July 8, 2025, the parties attended another CMC (*see* ECF No. 579), during which they were again directed to select cases to be tried before this Court. In response, Bellwether Plaintiffs selected eight cases on July 16, 2025, and Defendants selected four cases on July 21, 2025. (ECF No. 597 § I, ¶ E.)

On October 14, 2025, the Court entered CMO No. 37, which ordered the parties to each select three (3) bellwether cases for inclusion in the bellwether trial pool (the "Bellwether Trial Cases") by June 23, 2026, from which two (2) of the six bellwether cases would be selected for trial on October 19, 2026. (ECF No. 597.) CMO No. 37 also required the parties to submit either a joint proposal or competing proposals to help facilitate the Court's selection of the first two Bellwether Trial Cases for trial. (*Id.* § I, ¶ C.)

On January 13, 2026, the parties attended a CMC (*see* ECF No. 614), during which they were again advised the first of the Bellwether Trial Cases would be tried on October 19, 2026. On February 8, 2026, the parties requested an adjournment of the first bellwether trial (Email from Donald A. Ecklund to the Court, dated February 8, 2026 ("Adjournment Request")), which the Court subsequently granted adjourning the first bellwether trial to November 2, 2026 (Email from the Court, dated February 25, 2026 ("Adjournment Order")). In preparation, the Court blocked out a period of two weeks for the first bellwether trial. (*See id.*; *see also* Joint Submission (acknowledging the Court had blocked off time in its calendar for the first bellwether trial).)

On April 14, 2026, the parties attended another CMC. (*See* ECF No. 622.) At this time, according to the Court's notes, over ten months after the Court set the original June 15, 2026 trial date (*see* ECF No. 578), over six months after the Court set the October 19, 2026 trial date (*see* ECF No. 597), and approximately two months after the Court set the November 2, 2026 trial date (*see* Adjournment Order), Defendants advised the Court that in their anticipated competing proposal for selection of the first bellwether trial pursuant to CMO No. 37 (*see* ECF No. 597 § I, ¶ C (requiring the joint or competing proposals to be filed by June 23, 2026)), they intended to challenge the Court's authority to try the four Bellwether Trial Cases that had identified preferred fora for trial outside of this District. Defendants based their objection on the argument they had

not waived their statutory right to remand under Section 1407. Bellwether Plaintiffs similarly advised they also had not waived their respective rights to remand.[5] Following the CMC, the Court ordered both parties to submit statements pertaining to their respective positions regarding remand. (ECF No. 626.) In response, the parties submitted the Remand Statements on May 15, 2026. (ECF Nos. 628, 629.)

Prior to submitting the Remand Statements, however, on May 13, 2026, Moving Plaintiffs filed the pending motions for leave to amend their short form complaints to change the preferred fora for transfer to the District of New Jersey. (Civ. A. No. 22-3125, ECF No. 11.) Defendants filed their oppositions on June 1, 2026 (Civ. A. No. 22-3125, ECF No. 15), and Moving Plaintiffs filed their replies on June 8, 2026 (Civ. A. No. 22-3125, ECF No. 16).

On June 23, 2026, in accordance with CMO No. 37 (ECF No. 597 § I, ¶ C), Bellwether Plaintiffs and Defendants e-mailed the Joint Submission setting forth their competing proposals for the selection of the first Bellwether Trial Case[6] (Joint Submission). Bellwether Plaintiffs selected three Bellwether Trial Cases that identified in their short form complaints preferred fora for trial outside of this District—Dowland, Morales-Hernandez, and Rabin's cases—and Defendants selected one case that identified another district—Drake's case—as well as two cases

---

[5] Both Bellwether Plaintiffs and Defendants repeatedly refer to this waiver as a *Lexecon* waiver. (*See, e.g.*, ECF No. 628 at 2; ECF No. 629 at 6.) A *Lexecon* waiver refers to the landmark case, *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), wherein the Supreme Court held an MDL transferee court cannot invoke Section 1404 to assign to itself for trial a case transferred under Section 1407 without the consent of the parties. *But see generally infra* Section II; *see also supra* n.4.

[6] On June 19, 2026, the parties submitted a proposed amended trial schedule, which would extend expert discovery without changing the date of the first bellwether trial. (Email from Donald A. Ecklund to the Court, dated June 19, 2026.) On June 24, 2026, the parties attended a virtual CMC regarding same, wherein the Court denied the proposed schedule. (*See* MDL No. 2921, Minute Entry dated June 24, 2026.)

that identified this District as the preferred forum for trial. (*See* Joint Submission at 1–2.) The Joint Submission adopted and incorporated the parties' respective positions regarding remand as briefed in the Remand Statements. (*See* Joint Statement at 2 (citing ECF Nos. 628, 629).)

## II.   THIS COURT'S AUTHORITY TO TRY THE BELLWETHER TRIAL CASES

In the Joint Submission, Bellwether Plaintiffs propose Dowland, Rabin, or Morales-Hernandez's cases (*see* Joint Submission at 2–8), and Defendants propose Villareal, Henson, or Drake's cases (*see id.* at 8–11) for selection as the first bellwether trial scheduled for November 2, 2026. However, Defendants raise the issue of whether the Court has the authority to try four of the Bellwether Trial Cases—Moving Plaintiffs' cases—on the basis that these cases designated in their short form complaints a preferred forum outside of this District. (ECF No. 628.) Defendants claim the Court is required to remand Moving Plaintiffs' cases to the preferred fora for trial under Section 1407. (*See* ECF No. 628 at 4–10.) In response, Bellwether Plaintiffs claim the Bellwether Trial Cases were not transferred to this District under Section 1407, but were directly filed pursuant to CMO No. 6. (ECF No. 629.) As such, Bellwether Plaintiffs posit the Court is not required to remand the cases and may try the cases in this District. (*See id.*)

### A.   Legal Standard

Section 1407 authorizes the creation of an MDL in a single district court for centralized pretrial proceedings of complex but related actions pending in multiple districts involving common questions of fact. *See* 28 U.S.C. § 1407(a); *see also In re Patenaude*, 210 F.3d 135, 142 (3d Cir. 2000) (imposing "two limitations on the kinds of proceedings that [a] transferee court may conduct: they must be (1) coordinated or consolidated and (2) pretrial" (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 33–34 (1998))). The consolidation of such pretrial proceedings "aims to eliminate duplication in discovery, avoid conflicting rulings and

schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015) (internal quotation marks omitted) (quoting *Manual for Complex Litigation* § 20.131, at 220 (4th ed. 2004)); *see also In re Asbestos Prods. Liab. Litig. (No. VI)* (*In re Asbestos Litig.*), 718 F.3d 236, 243 (3d Cir. 2013) (recognizing an MDL promotes "resolution on the merits with less burden and expense overall than if each [action] were litigated separately").

"Section 1407 sets forth the procedure by which actions may be added to an MDL." *In re Jan. 2021 Short Squeeze Trading Litig.*, 580 F. Supp. 3d 1243, 1248–49 (S.D. Fla. 2022) (citing 28 U.S.C. §§ 1407(a)–(b)). If the Judicial Panel on Multidistrict Litigation (the "JPML") determines the consolidation of pending related actions will promote consistency and efficiency, the JPML will transfer the actions (the "transferred case(s)") from their respective district courts (the "transferor court(s)") to a single district court (the "transferee court"), *see* 28 U.S.C. § 1407(a), which is granted "all the jurisdiction and powers over pretrial proceedings in the actions . . . that the transferor [courts] would have had in the absence of [centralization]," *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.* (*In re Philips Litig.*), 781 F. Supp. 3d 353, 367–68 (W.D. Pa. 2025) (quoting *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)). The term "pretrial proceedings" has been interpreted broadly to provide the transferee court with authority over all proceedings prior to trial, including, but not limited to, "discovery motions, motions to amend, to dismiss, for summary judgment, and to determine class certification." *See In re Patenaude*, 210 F.3d at 144 (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 494 (J.P.M.L. 1968)); *see also Jurisdiction and Power of the Transferee Court*, 15 Fed. Prac. & Proc. Juris. § 3866 (4th ed.).

Additional related actions may be subsequently added to an MDL by filing a complaint in another district court and "tagging" the action for transfer to the transferee court under Section 1407 (the "tag-along case(s)"). *See Kennedy v. Samsung Elecs. Am., Inc.*, Civ. A. No. 14-4987, 2018 WL 2296702, at *7 (D.N.J. May 21, 2018) (citing J.P.M.L. R. 7.1(a)); *see also* J.P.M.L. R. 1.1(i). Alternatively, and distinct from the Section 1407 process, the transferee court may enter an agreed upon CMO permitting a short form complaint to be directly filed in the district of the transferee court, which is then automatically added to the MDL (the "direct filed case(s)"). *See In re Philips Litig.*, 781 F. Supp. 3d at 370 (citing *Looper v. Cook Inc.*, 20 F.4th 387, 390 (7th Cir. 2021)); *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005) (leaving the manner of centralization to the transferee court and permitting the court to "employ any number of pretrial techniques . . . to efficiently manage" an MDL); J.P.M.L. R. 7.2(a) (noting actions filed in the transferee district are added to the litigation under the applicable local rules, rather than Section 1407). Such orders typically require the short form complaint to identify the plaintiff's preferred forum for trial. *See*, *e.g.*, *In re Philips Litig.*, 781 F. Supp. 3d at 370; *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, MDL No. 19-2875, 2021 WL 307486, at *7 (D.N.J. Jan. 29, 2021); *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prods. Liab. Litig.*, Civ. A. No. 13-2436, 2017 WL 11899534, at *4 (E.D. Pa. Feb. 22, 2017).

Following the conclusion of pretrial proceedings, the authority of the transferee court will differ depending on the manner in which the action was added to the MDL. Pursuant to Section 1407, the transferee court is required to remand the transferred cases and tag-along cases to their respective transferor courts, *see In re Patenaude*, 210 F.3d at 142 (holding under Section 1407 the obligation to remand a case "is impervious to judicial discretion" (internal quotation marks

omitted) (quoting *Lexecon*, 523 U.S. at 34–35)), but not the direct filed cases, *see In re Philips Litig.*, 781 F. Supp. 3d at 368, 377–79. A transferee court may retain jurisdiction over a transferred case or a tag-along case only if the parties have waived their statutory right to remand under Section 1407. *See In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, Civ. A. No. 09-4414, 2015 WL 5164772, at *2 (D.N.J. Sept. 1, 2015) (quoting *In re Brand–Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1381 n.4 (J.P.M.L. 2003)). Such a waiver is often "referred to as a *Lexecon* waiver." *See id.* at *1 n.1; *see also Lexecon*, 523 U.S. at 27 (holding a transferee court cannot assign a case transferred under Section 1407 to itself for trial under Section 1404 without the consent of the parties). At a minimum, a *Lexecon* waiver requires the parties to clearly demonstrate an intent to waive their right to remand through some affirmative action. *See In re Generic Pharms. Pricing Antitrust Litig.* (*In re Generic Pharms. Litig.*), 717 F. Supp. 3d 1361, 1365–66 (J.P.M.L. 2024); *see also In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 351 (5th Cir. 2017) (requiring a *Lexecon* waiver to be "clear and unambiguous"). Although neither inaction nor the failure to object are alone sufficient to establish waiver, an inordinate delay, "combined with other conduct evincing an intent to waive a party's [remand] rights, can amount to waiver." *See In re Generic Pharms. Litig.*, 717 F. Supp. 3d at 1365–66.

In contrast, the transferee court cannot remand the direct filed cases under Section 1407, but rather may transfer such cases to other district courts under Section 1404. *See In re Philips Litig.*, 781 F. Supp. 3d at 377–79. A transferee court may retain jurisdiction over a direct filed case, however, so long as the parties waive their defenses of lack of personal jurisdiction and improper venue under Rule 12(h), *see In re Philips Litig.*, 781 F. Supp. 3d at 370 (citing *Looper*, 20 F.4th at 391); *see also During Period of Transfer, Ann. Manual Complex Lit.* § 20.132 (4th ed.), or the court denies transfer to an alternative forum under Section 1404, *see In re Philips Litig.*,

781 F. Supp. 3d at 377–79; *see also Jurisdiction and Power of the Transferee Court*, 15 Fed. Prac. & Proc. Juris. § 3866 (4th ed.) (noting the transferee court retains jurisdiction to determine the appropriate forum for transfer under Section 1404). Both personal jurisdiction and venue are individual rights, which are affirmatively and implicitly waived if the parties fail to raise the defenses "in a timely fashion." *In re Asbestos Litig.*, 921 F.3d at 104–05 (citing Fed. R. Civ. P. 12(h)); *Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969) ("[P]ersonal jurisdiction may be conferred by consent of the parties, expressly or by failure to object."); *Zeikos Inc. v. Walgreen Co.*, Civ. A. No. 21-19993, 2023 WL 239957, at *5 (D.N.J. Jan. 18, 2023) ("Like the defense of lack of personal jurisdiction, an improper venue defense is waived if not raised in the first instance.").

Although the transferee court must accord the appropriate deference to the forum preference identified in the short form complaint, such preference alone cannot dictate the forum the transferee court must transfer a direct filed case to under Section 1404. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995) (noting a plaintiff's forum preference is but a single factor the court considers). Rather, the transferee court must consider a range of relevant factors to determine the appropriate forum in which the direct filed case "would more conveniently proceed and the interests of justice [would] be better served." *Id.* at 879 (quoting Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3847, at 385 (2d ed. 1986)). The transferee court is accorded with broad discretion to transfer a direct filed case under Section 1404. *See Def. Distributed v. Att'y Gen. of N.J.*, 167 F.4th 65, 75 (3d Cir. 2026) (citing *Jumara*, 55 F.3d at 879–80); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

12

**B.      Decision**

The Court finds both Bellwether Plaintiffs and Defendants have affirmatively agreed and consented to the jurisdiction of the Court over the trial proceedings in the Bellwether Trial Cases as permitted by the Direct Filing Order and, in doing so, waived their defenses of lack of personal jurisdiction and improper venue under Rule 12(h). *See In re Philips Litig.*, 781 F. Supp. 3d at 370 (citing *Looper*, 20 F.4th at 391); *see also During Period of Transfer, Ann. Manual Complex Lit.* § 20.132 (4th ed.). The Direct Filing Order merely required the short form complaints to designate a presumptive place of transfer following the completion of centralized pretrial proceedings under Section 1404. (ECF No. 181 § II.B, E.) It did not require under Section 1404 transfer to that forum in the way that Section 1407 requires remand to the transferor court. (*See id.*) Indeed, the parties did not consent to personal jurisdiction and venue in the preferred fora and retained the right to challenge the presumptive place of transfer for "good cause."[7] (*See id.* § II.D, E, H.) More importantly, the Direct Filing Order permitted the parties to agree to try a direct filed case in a forum different than the preferred forum identified in the short form complaints, including in this

---

[7] Had the parties consented and agreed to try the direct filed cases in the designated preferred forum, without carving out the ability to challenge the preferred forum or agree to another forum, the analysis might be different. *See* 28 U.S.C. § 1404(a) (permitting a court to transfer an action to any district "to which all parties have consented"). A forum selection clause "operate[s] on the principles of consent and waiver, specifically the consent to litigate claims in the parties' preselected jurisdiction and the concomitant waiver of challenges to the propriety of both personal jurisdiction and venue in that forum." *Howmedica Osteonics Corp. v. Jarrell*, Civ. A. No. 15-1179, 2015 WL 13727906, at *1 (D.N.J. Nov. 13, 2015); *see also Actega Kelstar, Inc. v. Musselwhite*, Civ. A. No. 09-1255, 2009 WL 1794793, at *2 (D.N.J. June 22, 2009). It is well-established there exists "a strong presumption in favor of enforcing forum-selection clauses," *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402–03 (3d Cir. 2017) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–66 (2013)), which employ a somewhat less strict standard for waiver, *see Beth Schiffer Fine Photographic Arts, Inc. v. Colex Imaging, Inc.*, Civ. A. No. 10-5321, 2012 WL 924380, at *8 n.1 (D.N.J. Mar. 19, 2012); *see also Botman Int'l, B.V. v. Int'l Produce Imports, Inc.*, 205 F. App'x 937, 941 (3d Cir. 2006) ("[T]he applicability of a forum selection or choice-of-law clause is not a jurisdictional issue and a party may waive its right to enforce it.").

District. (*See id.* § II.E.) The Direct Filing Order did not require the parties to explicitly agree in writing to the alternative agreed-upon forum for trial. (*See generally id.*)

In accordance with and as permitted by the Direct Filing Order, the parties agreed and consented to both CMO No. 34 and CMO No. 37, in June and October 2025 respectively, which scheduled the first two of the six Bellwether Trial Cases for trial without objection to the personal jurisdiction of this Court or the venue of this District. (*See* ECF No. 577 (proposing the order scheduling the June 15, 2026 trial); ECF No. 578 (entering the proposed order without objection scheduling the June 15, 2026 trial); ECF No. 597 (entering the order without objection scheduling the October 19, 2026 trial); *see also* Adjournment Request (jointly requesting the adjournment of the first bellwether trial); Adjournment Order (granting the joint adjournment request and scheduling the November 2, 2026 trial).) As this Court does not have the authority to schedule a trial in another forum, the Bellwether Trial Cases were clearly scheduled for trial in this District. *See* 2 *Federal Rules of Civil Procedure, Rules and Commentary* § 40:1 ("Rule 40 reflects a deliberate choice to leave the scheduling of trials to each district to account for local conditions."); *see also* Local Civ. R. 40.1 (allocating the vicinage within the district for trial and assigning the case to a judge to schedule same within that vicinage); *During Period of Transfer, Ann. Manual Complex Lit.* § 20.132 (4th ed.) (noting a transferee court may retain jurisdiction over trial proceedings by scheduling trial of bellwether cases directly filed in the district). Had the parties intended to challenge the personal jurisdiction of this Court or the venue of this District so as to try the Bellwether Trial Cases in other fora, such a challenge should have been raised prior to the scheduling of trial in this District. In preparation for a trial of two weeks as anticipated by the parties, the Court cleared its schedule, with the knowledge of the parties, for the period of time between November 2 and 13, 2026. (*See* Adjournment Order (notifying the parties of the two-

week trial block); *accord* Joint Submission at 1.) It is both improbable and illogical to assume another fora, at this late juncture, would have been able to schedule a two-week trial in compliance with the parties' proposed and agreed to trial schedule.

By explicitly agreeing to the trial schedule set by this Court, the parties consented to the jurisdiction of the Court and venue in this District, and waived their defenses regarding same. While there may have existed a question as to whether the parties waived their right to challenge the authority of this Court to try the Bellwether Trial Cases prior to the scheduling of trial in this District, *see In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) ("[A] party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum."), there is no question the parties affirmatively waived their right to challenge same by failing to raise their objections prior to the scheduling of trial, or within a reasonable time after, under Rule 12(h).[8] *See In re Asbestos Litig.*, 921 F.3d at 104–05 (requiring

---

[8] Although the Court recognizes the parties previously raised the issues of personal jurisdiction and venue during the initial discovery of the bellwether cases, which the Court deferred at the time, the Court notes it was the obligation of the parties to re-raise the issues at the appropriate time. *See Cianelli v. Nourison Indus., Inc.*, Civ. A. No. 19-19147, 2020 WL 4882500, at *2 (D.N.J. Aug. 20, 2020) ("Rule 12(h) advises a litigant to exercise great diligence in challenging personal jurisdiction . . . ." (internal quotation marks omitted)). As reviewed in greater depth above, *see supra* Section I.B, CMO No. 34 ordered Moving Plaintiffs to select eight and Defendants to select four bellwether cases "to be prepared for trial" (ECF No. 578), and CMO No. 37 then ordered the parties to each select three of the cases being prepared for trial for a total of six bellwether cases, from which the Court would select two to be first scheduled for trial in this District (ECF No. 597). In response, the parties selected the twelve bellwether cases in July 2025, and the parties selected the six Bellwether Trial Cases in October 2025. Both selections were chosen in compliance with the orders and neither party objected to the others' selections based on lack of personal jurisdiction or improper venue. Had the parties intended to challenge the others' selections, such challenges should have been raised promptly so as to allow the Court to review the allegedly improper cases at the time and to allow the parties to replace an improper case with a proper one as needed for trial preparation and scheduling. The Court is disquieted by the litigation strategy of counsel to lie fallow by delaying such a challenge for the purpose of effecting the ultimate determination of the

a party to raise such objections "in a timely fashion . . . . to prevent dilatory tactics" (internal quotation marks omitted)). Accordingly, the Court retains jurisdiction over the six Bellwether Trial Cases for trial proceedings.

Having reviewed the parties' Joint Submission setting forth their competing proposals (*see* Joint Submission), and having determined the Court has the authority to try the cases, the Court selects Henson's case (Civ. A. No. 21-11728) as the first of the six Bellwether Trial Cases to be tried before this Court and Rabin's case (Civ. A. No. 22-4222) as the second. Henson's case will be tried as scheduled on November 2, 2026. Rabin's case will be scheduled for trial following the conclusion of the first bellwether trial.

## III.    MOVING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND

Moving Plaintiffs move to amend Paragraph 6 of their respective short form complaints to designate this District as the presumptive place of transfer for trial. (*See* Civ. A. No. 22-3125, ECF No. 11.) Pursuant to Rule 15(a), once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Rsch. Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or

first of the Bellwether Trial Cases to be tried by a means and method outside of those agreed to by the parties in the relevant CMOs, which the Court finds to be an improper strategy, akin to a bait and switch scheme. *See In re Asbestos Litig.*, 921 F.3d at 104–05 (noting the purpose of limiting the right to challenge personal jurisdiction "is to prevent dilatory tactics and to expedite and simplify the pretrial phase of federal litigation to facilitate adjudication on the merits" (internal quotation marks omitted)); *see also Myers v. Am. Dental Ass'n*, 695 F.2d 716, 720 (3d Cir. 1982) ("The aim of Rule 12 is to afford an easy method for the presentation of defenses but at the same time prevent their use for purposes of delay." (internal quotation marks omitted)).

dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP* (*Great Western*), 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Marlowe Pat. Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013) (quoting *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Harrison Beverage*, 133 F.R.D. at 468–69; *accord Garrett v. Subaru of Am., Inc.*, 822 F. Supp. 3d 474, 479 (D.N.J. 2026).

In light of the Court's findings that the parties have already agreed to try the Bellwether Trial Cases in this District before this Court, *see supra* Section II.B, which cannot be changed simply by amending the short form complaints under Rule 15, *see Hull v. Glob. Digit. Sols., Inc.*, Civ. A. No. 16-5153, 2018 WL 4380999, at *11 (D.N.J. Sept. 14, 2018) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading."), the Court finds amending the short form complaints for the sole purpose of designating this District as the presumptive place for trial after the parties have consented and agreed to try the cases in this District is inherently frivolous. Accordingly, Moving Plaintiffs' motions for leave to amend the short form complaints are clearly futile. *See Harrison Beverage*, 133 F.R.D. at 468.

Based on the foregoing, Moving Plaintiffs' motions for leave to amend their respective short form complaints are **DENIED**.

17

**IV.    CONCLUSION**

For the reasons set forth above, the Court finds Bellwether Plaintiffs and Defendants consented to the jurisdiction of this Court and venue in this District for trial and, as such, the Court has the authority to try any and all of Bellwether Plaintiffs' respective cases in this District; Moving Plaintiffs' motions for leave to amend their respective short form complaints (Civ. A. No. 22-3125, ECF No. 11; Civ. A. No. 22-3523, ECF No. 8; Civ. A. No. 22-3756, ECF No. 8; Civ. A. No. 22-4222, ECF No. 5) are **DENIED**; and the Court selects Henson's case (Civ. A. No. 21-11728) as the first to be tried before this Court on November 2, 2026, and selects Rabin's case (Civ. A. No. 22-4222) as the second to be tried on a date to be scheduled following the conclusion of the first bellwether trial. An appropriate order follows.

Date: July 13, 2026                           */s/ Brian R. Martinotti*
                                               **HON. BRIAN R. MARTINOTTI**
                                               **UNITED STATES DISTRICT JUDGE**